**TRUCK–RAIL HANDLING, INC.;**
**Quality Transport, Inc.,**
**Plaintiffs–Appellants,**

v.

**The BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,**
**Defendant–Appellee.**

No. 05–16552.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed July 13, 2007.

Richard D. Rosenberg, Esq., Rosenberg Law Firm, John H. Boone, Esq., Law Office of John H. Boone, Joseph M. Alioto, Jr., Esq., Alioto Law Firm, San Francisco, CA, for Plaintiffs–Appellants.

Jeffrey M. Cross, Esq., Freeborn & Peters, Chicago, IL, Brett L. McKague, Esq., Michelle Miller, Esq., McKague & Tong, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, CANBY and FERNANDEZ, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided

### MEMORANDUM \*

Truck–Rail Handling, Inc. and Quality Transport, Inc. (collectively, "TRH") appeal from the district court's summary judgment of TRH's allegations that Burlington Northern & Santa Fe Railway Co. ("BNSF") violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, by requiring transload operators to sign a Transload Service Agreement ("TSA") as a condition of leasing transload terminals from BNSF. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the grant of summary judgment, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

■ Summary judgment was properly granted on TRH's Section 1 *per se* price-fixing claim because, whether the alleged restraint is horizontal or vertical, TRH has presented insufficient evidence to support its theory that BNSF dictated the rates that TSA transloaders could charge for their services. *See Chisholm Bros. Farm Equip. Co. v. Int'l Harvester Co.,* 498 F.2d 1137, 1142 (9th Cir.1974) ("The crux of any price-fixing agreement is the relinquishment by a trader ... of the freedom to set prices in accordance with his own judgment.").

■ The district court properly granted summary judgment in favor of BNSF on TRH's *per se* tying claim, its Rule of Reason claims under Section 1, and its Section 2 monopolization and attempted monopolization claims because TRH failed properly to define the relevant product markets. TRH contends that the relevant tying market consists of "BNSF transload terminals" and that the relevant tied market

by 9th Cir. R. 36–3.

is confined to "transload services provided to BNSF shippers." These proposed product markets are unduly narrow and are not defined from the perspective of the end consumer, as the cases require. *See, e.g., Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.,* 924 F.2d 1484, 1489 n. 4 (9th Cir.1991). Here, the consumer is the long-distance shipper of bulk cargo.

■ Summary judgment was properly granted on TRH's Section 2 conspiracy to monopolize claim because the evidence adduced does not permit an inference that BNSF possessed the required "specific intent" to conspire with TSA transloaders to achieve the asserted goal of the conspiracy (to confer upon TSA transloaders a monopoly over BNSF transload terminals). *See Paladin Assocs., Inc. v. Montana Power Co.,* 328 F.3d 1145, 1158 (9th Cir. 2003) (stating elements of Section 2 conspiracy to monopolize claim). It is simply not reasonable to infer that BNSF would conspire to provide TSA transloaders with monopoly power over BNSF transload terminals when the logical result of such a monopoly would be an increase in transloading rates (and a corresponding increase in the bundled rate that BNSF offers its own customers). Summary judgment was also appropriate because TRH failed to adduce evidence of an anticompetitive act.

The judgment of the district court is

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.